UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JONATHAN LAMAR ELLENBURG,

        Plaintiff,

        v.                                  Case No. 23-C-0638

TRACY PLASKEY,

        Defendant.

---

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING AS MOOT PLAINTIFF'S MOTION TO COMPEL

---

Plaintiff Jonathan Lamar Ellenburg, who is representing himself, is proceeding on an Eighth Amendment claim, along with a supplemental state law medical malpractice claim, based on allegations that Defendant Nurse Tracy Plaskey denied effective medical care following his slip and fall at the Kettle Moraine Correctional Institution in March 2023. Dkt. Nos. 17-18. On January 29, 2024, Defendant filed a motion for summary judgment on the ground that Plaintiff failed to exhaust administrative remedies prior to bringing this lawsuit. Dkt. No. 26. Because the undisputed facts show that Plaintiff failed to complete the exhaustion process by appealing the one inmate complaint he filed raising the medical care issue in this case, the Court will grant Defendant's motion for summary judgment, deny as moot Plaintiff's motion to compel (Dkt. No. 40), and dismiss this case without prejudice.

### UNDISPUTED FACTS

In this lawsuit, Plaintiff alleges that Defendant denied effective medical care following a slip and fall on March 3, 2023 at the Kettle Moraine Correctional Institution. Dkt. No. 17. Plaintiff alleges that he told Defendant numerous times that her ibuprofen prescription was not working for his pain following the slip and fall, and that a prescription for Lyrica, which he had previously

received from a doctor at the Monroe County Jail, would be more effective and non-habit forming. *Id*. Plaintiff alleges that, despite his requests for effective medication, Defendant continued with medication she knew to be ineffective. *Id*. Plaintiff filed two inmate complaints potentially related to the denial of medical care issue in this case. Dkt. No. 28, ¶5.

On May 2, 2023, Plaintiff filed inmate complaint #KMCI-2023-6549 alleging, "I fell on floor, no wet floor sign." Dkt. No. 29-2 at 8. He stated that the lack of a wet floor sign was "deliberate indifference" and he "had to go to the H.S.U." *Id*. The Institution Complaint Examiner (ICE) "rejected" the inmate complaint on May 5, 2023 because it was untimely filed more than 14 calendar days beyond the March 3, 2023 occurrence without a good cause plea explaining the untimely filing. *Id.* at 2. The ICE noted that Plaintiff had attempted to file other untimely inmate complaints regarding the wet floor sign issue, on April 24, 2023 and May 1, 2023, but those inmate complaints had been properly "returned" because Plaintiff failed to sign one of the inmate complaints and the other inmate complaint exceeded the one inmate complaint per week limitation imposed by the Inmate Complaint Review System (ICRS). *Id*. Plaintiff appealed the rejected inmate complaint, asserting that he was unaware of the 14-day complaint window and that he had attempted to follow the chain of command before initiating a complaint, but the Reviewing Authority (RA) upheld the rejection as properly deemed untimely. *Id*. at 5 & 10.

On May 15, 2023, Plaintiff filed inmate complaint #KMCI-2023-7582 alleging, "after suffering a debilitating fall on 3-3-23 and after an X-ray confirmed 3 damaged vertebrae…I'm still being denied adequate medication Gabapentin or Lyrica." Dkt. No. 29-3 at 9. The ICE recommended dismissing the inmate complaint on June 8, 2023 because Defendant had placed a request for Gabapentin on April 7, 2023, but Dr. Lavoie (the medical director) denied the request. *Id*. at 2-3. The ICE noted that Plaintiff's medical file showed that he was receiving adequate medical care for his injuries and that he had no ability to demand specific care. *Id*. The RA adopted the recommendation and dismissed the inmate complaint on June 8, 2023. *Id*. at 4.

2

Plaintiff did not appeal the RA's decision to the Corrections Complaint Examiner (CCE). Dkt. No. 28, ¶12.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co*., 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

Defendant asserts that she is entitled to summary judgment because Plaintiff's first inmate complaint (#KMCI-2023-6549) did not raise a medical care issue and his second inmate complaint (#KMCI-2023-7582) was not appealed to the CCE. Dkt. No. 27. Defendant argues that Plaintiff therefore failed to exhaust administrative remedies prior to bringing this lawsuit. *Id*.

Under the Prison Litigation Reform Act (PLRA), "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are

available are exhausted." 42 U.S.C. §1997e(a). "The primary justification for requiring prisoners to exhaust administrative remedies is to give the prison an opportunity to address the problem *before* burdensome litigation is filed." *Chambers v. Sood,* 956 F.3d 979, 983 (7th Cir. 2020). "To satisfy the exhaustion requirement, an inmate must take each of the steps prescribed by the state's administrative rules governing prison grievances." *Id.* (citing *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019)). "[A] prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). A prisoner must complete the entire exhaustion process to satisfy the PLRA's exhaustion requirement. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Wisconsin has established the Inmate Complaint Review System (ICRS) to raise inmate complaints in connection with employee actions that personally affect the inmate or the institution environment. Wis. Admin. Code §§ DOC 310.04(1) & 310.06(1). An inmate is required to exhaust "all administrative remedies the department has promulgated by rule" before commencing a civil action. § DOC 310.05. Under the ICRS, an inmate must file a complaint with the ICE within 14 days of the relevant occurrence. § DOC 310.07(2). Each complaint may contain only one "clearly identified" issue. § DOC 310.07(5). "A complaint must contain sufficient information for the department to investigate and decide the complaint." § DOC 310.07(6). The inmate complaint "need not lay out the facts, articulate legal theories, or demand particular relief." *Strong v. David,* 297 F.3d 646, 649 (7th Cir. 2002). But the inmate complaint must "alert[] the prison to the nature of the wrong for which redress is sought." *Id.* at 650. The inmate complaint must provide enough facts to give defendants "notice of, and an opportunity to correct, a problem." *Price v. Friedrich*, 816 F. App'x 8, 10 (7th Cir. 2020) (quoting *Schillinger v. Kiley*, 954 F.3d 990, 995–96 (7th Cir. 2020)).

The ICE must investigate the inmate complaint and "shall either reject the complaint or send a recommendation to the [RA] within 30 days from the date of receipt." § DOC 310.10(7)-

(9). The RA shall make a decision within 15 days following receipt of the ICE's recommendation. § DOC 310.11(1). If an inmate is dissatisfied with the RA's decision, he "may appeal the reviewing authority decision to the CCE within 14 days after the date of the decision or if the inmate does not receive a decision 45 days after the date the ICE enters the complaint." § DOC 310.09(1). The CCE must investigate the appeal and "recommend that the [RA's] decision be affirmed or dismissed, in whole or in part, and send its recommendation to the [S]ecretary within 45 days of receipt of the appeal." § DOC 310.12(7)-(9). The Secretary shall make a decision within 45 days following receipt of the CCE's recommendation and that decision is final. § DOC 310.13(1)-(3).

The undisputed evidence shows that inmate complaint #KMCI-2023-6549 did not raise a medical care issue—it raised a conditions of confinement issue regarding the lack of a wet floor sign—and #KMCI-2023-7582 properly raised a medical care issue, but it was not appealed to the CCE in Madison. Plaintiff therefore failed to complete the exhaustion process by pursuing "all administrative remedies the department has promulgated by rule" before commencing a civil action, *see* § DOC 310.05; and Defendant has met her burden to show that Plaintiff failed to exhaust administrative remedies prior to bringing this lawsuit.

In response, Plaintiff claims that "my appeal was not entered into the inmate complaint tracking system." Dkt. No. 34 at 1. As evidence, Plaintiff attached two letters from ICE Spranger, dated June 16, 2023 and June 27, 2023, along with an inmate complaint appeal form that he filled out, which is date stamped June 27, 2023 by the ICE. *See* Dkt. No. 34-2 at 11-13. ICE Spranger's June 16 correspondence to Plaintiff stated,

> "The DOC-405 Inmate Complaint Appeal form you submitted is being returned to you as this form does not get entered into the Inmate Complaint Tracking System (ICTS) by the Institution Complaint Examiners (ICE). This form needs to be mailed to the Corrections Complaint Examiner (CCE) in Madison to the address listed on the form. Please resubmit your appeal to the CCE in Madison."

Dkt. No. 34-2 at 11. ICE Spranger's June 27 correspondence to Plaintiff stated,

5

> "I am assuming you are attempting to appeal the decision rendered for KMCI-2023-7582…If you disagree with the decision on a complaint you may appeal to the Corrections Complaint Examiner in Madison. The DOC-403 Reviewer's Decision you received instructed you how to appeal. A complainant dissatisfied with a decision may, within 14 calendar days after the date of the decision, appeal that decision by filing a written request for review with the Corrections Complaint Examiners on form DOC-405…I clearly outlined the process to you in the return letter sent to you on 6/16/23."

*Id*. at 12.

None of the documents Plaintiff attached to his response materials show that he satisfied his exhaustion obligation. To properly exhaust, Plaintiff was required to submit his appeal documents "in the place, and at the time, the prison's administrative rules require." *Pozo,* 286 F.3d at 1025. The ICRS specifically instructed Plaintiff to appeal an inmate complaint to the CCE's office, *see* § DOC 310.09(1), which he did not do. ICE Spranger's responses to Plaintiff's correspondences also told him which form to use to appeal (DOC 405), where to send his appeal documents (the CCE office in Madison at the address listed on the form), and when to submit the document (within 14 days). *See* Dkt. No. 34-2 at 11 & 12. Plaintiff filled out the correct inmate complaint appeal form, *see* Dkt. No. 34-2 at 13, but he did not send the document to the correct place (the CCE's office in Madison) within the appropriate timeframe (14 days). Instead, he kept sending the document to ICE's office at the institution, and the ICE properly returned the inmate complaint appeal with instructions on how to resubmit it properly to the correct office. Ultimately, Plaintiff never complied with ICE Spranger's very clear instructions on how to properly appeal his inmate complaint. Because Plaintiff did not appeal his inmate complaint in the place the prison's administrative rules required, he failed to exhaust administrative remedies. The remainder of Plaintiff's arguments involve the merits of his case, but the Court has no authority to make a merits-based exception to exhaustion. *See Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016). Accordingly, the Court will grant Defendant's motion for summary judgment.

The Court will also deny as moot Plaintiff's motion to compel. Dkt. No. 40. On March 14, 2024, the Court granted Defendant's motion to stay discovery and the case deadlines pending resolution of Defendant's motion for summary judgment. Since failure to exhaust is a defense to the action, staying discovery not related to exhaustion is routine where a motion for summary judgment for failure to exhaust is filed. Plaintiff opposed Defendant's motion to stay discovery and filed a motion to compel on March 21, 2024. Because Plaintiff's case must be dismissed for his failure to exhaust his administrative remedies, his motion to compel is now moot and will be denied on that basis.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment based on a failure to exhaust his administrative remedies (Dkt. No. 26) is **GRANTED**; Plaintiff's motion to compel (Dkt. No. 40) is **DENIED as moot**; and this case is **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that the Clerk enter judgment accordingly.

Dated at Green Bay, Wisconsin this 11th day of April, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.